NO. 07-03-0333-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 3, 2004

_____

ESTHER LOUISE MARRIS, AKA
ESTHER LOUISE HAWKINS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 46424-B; HON. JOHN BOARD, PRESIDING

_____

Before QUINN, REAVIS, and CAMPBELL, JJ.

Appellant Esther Louise Marris, aka Esther Louise Hawkins, appeals from a judgment convicting her of murder. After a jury trial in which appellant admitted killing the victim but claimed it was self defense, she was found guilty and sentenced to 50 years confinement.

Appointed counsel has now moved to withdraw after filing a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and representing that she has searched the record and found no arguable grounds for reversal. The brief shows that appellant was informed of her right to review the record and file her own brief. So too did we inform appellant that any brief she cared to file had to be filed by February 16, 2004. That deadline was extended several times with the last extension requiring appellant's brief to be filed by July 21, 2004. To date, appellant has neither filed a *pro se* response nor moved for an additional extension.

In compliance with the principles enunciated in *Anders,* appellate counsel discussed three possible grounds for appeal. First, counsel discusses the sufficiency of the evidence of murder. Appellant was charged with intentionally and knowingly causing the death of John Mestas by stabbing him with a knife. *See* TEX. PEN. CODE ANN. §19.02(b)(1) (Vernon 2003). The evidence shows, based on appellant's own testimony, that appellant was arguing with the victim, picked up a knife, stabbed the victim twice, and he subsequently died as a result of those wounds. Appellant also testified that immediately prior to the stabbing, 1) appellant slapped the deceased, 2) he told her she would not do so again, 3) she shoved him and asked him "what are you going to do," 4) he told her he would "fuck [her] up," blocked her way, and reached for a drawer where she knew a knife was kept, 5) she shoved the drawer closed, and 6) she grabbed her own knife off the bed, opened it up with both hands, and stabbed him twice. She admitted that at the time she stabbed him, the drawer with the knife in it was not open and the deceased had nothing in his hand. Appellant's own testimony is sufficient to sustain the conviction.

Second, counsel discussed whether appellant was entitled to an instruction on self-defense. A defendant is entitled to an instruction on self-defense if the issue is raised by the evidence, regardless of whether the evidence is strong, weak, unimpeached, or contradicted and regardless of what the trial court thinks of the credibility of the defense. *Ferrel v. State,* 55 S.W.3d 586, 591 (Tex. Crim. App. 2001). A person is justified in using force against another when and to the degree she reasonably believes the force is immediately necessary to protect herself against the other's use or attempted use of unlawful force. TEX. PEN. CODE ANN. §9.31(a) (Vernon 2003). The evidence illustrated that appellant and the deceased had spent time drinking together for a number of years and often quarreled and had struck each other in the past when they had been drinking. Both appellant and the deceased had been drinking that day and there was testimony that the deceased was intoxicated. Appellant testified that at the moment she grabbed her knife, she was scared and was afraid the victim was going to get his knife out of the drawer. Further, when the deceased blocked her way and moved toward her, she panicked. Even if it could be said that this evidence was not sufficient to warrant the instruction, appellant received an instruction based on her theory of the case which was ultimately rejected by the jury. There was no reversible error.

Third, counsel discusses whether appellant was entitled to an instruction at the punishment phase on sudden passion. Counsel concludes the instruction was properly given even though appellant's own testimony "precluded the argument." There was evidence that the stabbing occurred suddenly but that the drinking and arguing between appellant and the victim had been going on for several hours. If the jury found appellant caused the death while under the influence of sudden passion, it could have assessed a

punishment of confinement for not more than 20 years nor less than two years. TEX. PEN. CODE ANN. §19.02(d) (Vernon 2003) (stating that if the defendant proves sudden passion by a preponderance of the evidence, the offense is a felony of the second degree). The jury obviously did not believe that sudden passion had been proven. Even if the evidence did not support the instruction, we find no reversible error on the part of the trial court.

We have also conducted our own review of the record pursuant to *Stafford v. State,* 813 S.W.2d 503 (Tex. Crim. App. 1991) and have found no arguable issue warranting reversal.

Accordingly, counsel's motion to withdraw is granted, and the judgment of the trial court is affirmed.

Per Curiam

Do not publish.

4